# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2851-17T2
                A-2942-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

R.E. and Yu.O.-E.,

     Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF Y.O.-E.,

     a Minor.

_____

          Argued January 28, 2019 – Decided February 5, 2019

          Before Judges Sabatino, Haas and Sumners.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FG-20-0023-15.

Louis W. Skinner, Designated Counsel, argued the cause for appellant R.E. (Joseph E. Krakora, Public Defender, attorney; Louis W. Skinner, on the briefs).

Clara S. Licata, Designated Counsel, argued the cause for appellant Yu.O.-E. (Joseph E. Krakora, Public Defender, attorney; Clara S. Licata, on the briefs).

Julie B. Colonna, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Julie B. Colonna, on the brief).

Todd S. Wilson, Designated Counsel, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Meredith A. Pollock, Deputy Public Defender, of counsel; Todd S. Wilson, on the brief).

PER CURIAM

In these two consolidated cases, defendants Yu.O.-E.[1] and R.E. appeal from the February 13, 2018 judgment of guardianship terminating their parental rights to their daughter, Y.O.-E. (Yvonne), born in December 2013. Defendants contend that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C:15-1(a) by clear and convincing

---

[1] We refer to defendants by initials, and to their child by a fictitious name, to protect their privacy. R. 1:38-3(d)(12).

evidence.  The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendants' parental rights.  Accordingly, we affirm substantially for the reasons set forth in Judge James Hely's thorough oral decision rendered on February 13, 2018.

We will not recite in detail the history of the Division's involvement with defendants.  Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Hely's thoughtful decision.  We add the following comments.

The Division assumed custody of Yvonne just seven days after her birth, and the child has never lived with either defendant.  Yu.O.-E suffers from a number of mental health issues that have prevented her from caring for Yvonne or any of her five other children.[2]  R.E. has been incarcerated for almost all of Yvonne's life, and previously engaged in domestic violence against Yu.O.-E.  We are satisfied that the Division provided multiple opportunities for defendants

---

[2]  R.E. is the father of four of Yu.O.-E.'s children, including Yvonne.

A-2851-17T2

to reunify with their child, but they were unable to overcome the deficiencies that prevented them from safely parenting her.

Yvonne has special needs, and has been diagnosed with Reactive Attachment Disorder. Because of this condition, the child is prone to acts of verbal and physical aggression.

The Division placed Yvonne with her current resource parents in November 2016. The resource parents worked with the child's school and treatment program to obtain the special help and therapy needed to address her condition. According to Yvonne's licensed clinical social worker, Nicole Bolognini, Yvonne's behavioral issues improved due to the efforts of the resource parents, who wish to adopt the child.

The Division's expert psychologist, Karelyn Gonzalez-Cruz, Ph.D., testified that she had served as Yu.O.-E.'s individual therapist since January 2017. Dr. Gonzalez-Cruz stated that Yu.O.-E. did not regularly attend her therapy appointments. In addition, Yu.O.-E. did not always take her psychiatric medication as directed and, as a result, now had to be injected with these drugs on a monthly basis to ensure compliance with her medication regimen.

Another expert psychologist, Elizabeth Groisser, Psy.D., conducted evaluations of both defendants on behalf of the Division. Dr. Groisser stated

that Yu.O.-E. suffered from Schizoaffective Disorder, Post Traumatic Stress Disorder, and had some borderline personality traits. Based on this diagnosis, and her failure to comply with treatment, Dr. Groisser opined that Yu.O.-E. was not able to parent Yvonne independently.

After evaluating R.E., Dr. Groisser testified that he was also not capable of parenting Yvonne now or in the foreseeable future. Dr. Groisser noted that R.E. had had very little involvement in the child's life, had no history of stability in his own life, and had not demonstrated that he was capable of living on his own and taking care of himself. Under these circumstances, Dr. Groisser opined that R.E. could not safely parent a special needs child.

Dr. Groisser conducted bonding evaluations between defendants and Yvonne. Dr. Groisser opined that while Yvonne and defendants were familiar with each other, the child did not view them as parental figures, and would suffer no real harm if their parental rights were terminated.

On the other hand, Dr. Groisser found that Yvonne had significant and positive bonds with both of her resource parents. Dr. Groisser opined that severing these bonds would be extremely detrimental to Yvonne.

Yu.O.-E. testified at trial, and also presented the testimony of an expert psychiatrist, who opined that Yu.O.-E. could safely parent Yvonne. However,

5

this expert acknowledged that she had not evaluated Yu.O.-E.'s interactions with the child, or Yvonne's special needs. As a result, Judge Hely found that the expert's opinion that Yu.O.-E. could safely parent a child with special needs was not credible. R.E. did not testify at trial, and presented no other witnesses.

In his opinion, Judge Hely reviewed the evidence presented and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a), and (2) termination of defendants' parental rights was in the child's best interests. The judge also concluded that kinship legal guardianship (KLG) was not an appropriate alternative to termination in this case because the resource parents want to adopt Yvonne. N.J. Div. of Youth & Family Servs. v. P.P., 180 N.J. 494, 512-13 (2004) (holding that "when the permanency provided by adoption is available, [KLG] cannot be used as a defense to termination of parental rights").

In this appeal, our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by his factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). "[W]e [also] rely on the trial court's acceptance of the

credibility of the expert's testimony and the court's fact-findings based thereon, noting that the trial court is better positioned to evaluate the witness' credibility, qualifications, and the weight to be accorded to [his or] her testimony." In re Guardianship of DMH, 161 N.J. 365, 382 (1999) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).

After reviewing the record, we conclude that Judge Hely's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We therefore affirm substantially for the reasons that the judge expressed in his well-reasoned, comprehensive opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2851-17T2